# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., | : |
| Plaintiff, | : Civil Action No. 13-5901 (FSH) |
| v. | : |
| GHANSHYAM PATEL, | : MEMORANDUM OPINION AND ORDER |
| Defendant. | : |

This matter having been opened to the Court upon letter by *pro se* Defendant Ghanshyam Patel ("Defendant") making a second request for the appointment of *pro bono* counsel, filed on or about December 26, 2013 [Docket Entry No. 10]; and Defendant arguing that counsel should be appointed because the business underlying the instant action is in financial trouble and he cannot afford an attorney; and Defendant having provided the tax returns[1] for 2010 through 2012 as evidence of his business's financial status; and Defendant having also requested additional time to address the case against him;

and the Court finding that pursuant to 28 U.S.C. §1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel[;]" and the Court further finding that there is no right to counsel in a civil case (*Tabron v. Grace*, 6F.3d 147, 153-54 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)); and the Court further finding that under *Tabron* in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of

---

[1] See Docket Entry No. 11. The Clerk's Office has placed these documents under seal as they contain sensitive private information. The Court reminds Defendant that any future documentation submitted should be redacted to remove personal information such as social security numbers and dates of birth in accordance with Fed.R.Civ.P. 5.2.

the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf (*Tabron*, 6 F.3d at 155-157); and the Court further finding that other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel (*Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58));

and the Court having considered Defendant's new application; and the Court noting that this case is still in the very early stages of litigation, and that no discovery has been conducted nor has Defendant's ability to prosecute his case been tested; in fact, Defendant has yet to answer the Complaint and in the instant application requests additional time to do so [*see* Docket Entry No. 10]; and the Court further noting that while Defendant has provided the tax returns for the underlying franchise business, he has not provided his own financial records nor does the Court have any indication he has sought *in forma pauperis* status; and the Court noting that even considering his inability to afford counsel, it is only a single factor for consideration; and the Court further finding that, on balance, when the *Tabron* factors are considered in conjunction with the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time (*see Jenkins*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58)), they do no warrant the appointment of counsel at this time;

and the Court noting that Defendant's time to answer, move, or otherwise respond to the

Complaint expired on December 30, 2013 [Docket Entry No. 9] and that Defendant has not yet answered or otherwise moved; and the Court noting that Defendant renewed his request for counsel and asked for additional time on or about December 26, 2013, prior to the expiration of his time answer; and the Court finding good cause to extend Defendant's time to answer until January 31, 2014; and further the Court reminds Defendant that his obligation to move forward and defend the action are separate from any appointment of counsel, and that should he wish to continue with this action at this time, he must find counsel independently or proceed *pro se;* failure to do either will risk default being entered against him;

and the Court having considered this matter pursuant to Fed.R.Civ.P. 78, and for good cause shown,

**IT IS** on this **8th** day of **January, 2014,**

**ORDERED** that Defendant's application for the appointment of *pro bono* counsel is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendant's time to answer, move, or otherwise reply is extended until **January 31, 2014**.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**